# Hill *v.* Freeport Waterworks Company, Appellant.

*Negligence—Water companies—Defective plug—Contract with borough.*

Where a water company had a contract with a borough to control and repair a fire plug in a street for a term of years, and the company after the term specified had expired continues with the consent of the borough to control the plug as before, and permits it to fall into disrepair and a neighboring owner's property is injured by water flowing through the

plug, the question of the liability of the water company for the injuries sustained is for the jury.

Argued May 10, 1909.  Appeal, No, 20, April T., 1909, by defendant, from judgment of C. P. Armstrong Co., June T., 1907, No. 25, on verdict for plaintiff in case of Jeff. Hill v. Freeport Waterworks Company.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ.  Affirmed.

Trespass to recover damages for injuries to real estate.  Before PATTON, P. J.

The facts are stated in the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $45.00.  Defendant appealed.

*Error assigned* among others was refusal of binding instructions.

*R. A. M'Cullough,* with him *George M. Hill,* for appellant.

*R. L. Ralston,* with him *Rush Fullerton,* for appellee.

OPINION BY HENDERSON, J., October 11, 1909:

The plaintiff's action was for damages resulting from the use by the defendant of a water plug which it knew to be in a defective condition when so used.  That the fire plug was in a defective condition is admitted and the evidence leaves little room for doubt that the plaintiff's injury was caused by the action of the water flowing through the plug.  The case might well have been submitted to the jury on the evidence tending to show co-operation of the defendant and a paving contractor in the use of the plug in delivering water on the street for their mutual advantage.  The learned trial judge, however, held that liability for the injury depended on the question whether the defendant or the borough was bound to make repairs on the fire plugs in the borough.  Bearing on this question a contract was produced by the defendant on notice, according to which the defendant agreed to furnish water to supply all fire plugs that

the borough might place within the borough limits, for a period of five years from the second day of March, 1896, the borough to pay for the fire plugs and the cost of attaching the same to the mains, the said fire plugs to be under the control of the defendant and subject to all provisions and rules that it might make to prevent waste, and to be used only for fire purposes. This contract expired by its terms before the injury to the plaintiff, but evidence was introduced from which the jury might infer that the parties acted in accordance with it after the limitation fixed therein. There was also evidence that repairs were made from time to time by the defendant and bills presented to the borough for the cost thereof which were paid and as it does not appear from any evidence introduced that these repairs were made pursuant to any action of the borough council a jury might well conclude that the water company made them at its own initiative in accordance with the continued operation of the contract putting the fire plugs under its control. In that case the contract relation of the defendant and the borough existed in parol in part at least and it was not the duty of the court to interpret the contract. The construction of a written instrument is for the court, but where it is supplemented by evidence of pertinent facts not within the writing and necessary to its proper understanding the jury is to dispose of the whole evidence. It was relevant to the inquiry to know what construction the parties to the contract had put upon it during the period which it covered and also whether it had in effect been extended by the conduct of the parties, and parol evidence was offered on these points in connection with the contract. The defendant was given all the opportunity to which it was entitled to show its relation to the borough and to the control and use of the fire plugs and the facts were found against it under a charge of which the appellant can not successfully complain. It is not necessary to separately consider the numerous assignments of error.

The judgment is affirmed.